**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

EDWARD L. RIGGANS, III,

        **Plaintiff,**

v.                 //    **CIVIL ACTION NO. 5:15CV91**
                                  **(Judge Keeley)**

JP MORGAN CHASE BANK, NA,

        **Defendant.**

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. NO. 6)

Pending before this Court is the motion to remand filed on August 10, 2015, by the plaintiff, Edward L. Riggans, III ("Riggans") (Dkt. No. 6). On August 26, 2015, the defendant, JP Morgan Chase Bank, NA ("Chase"), responded, opposing Riggans' motion (Dkt. No. 7). Riggans filed his reply on September 1, 2015 (Dkt. No. 8). For the following reasons, the Court **GRANTS** Riggans' motion and **REMANDS** the case to the Circuit Court of Ohio County, West Virginia.

## BACKGROUND

On June 3, 2015, Riggans filed suit in the Circuit Court of Ohio County, West Virginia, alleging claims of breach of contract and violations of the West Virginia Consumer Credit Protection Act ("WVCCPA") (Dkt. No. 1 at 1; Dkt. No. 1-1 at 6-9). On July 10, 2015, Chase filed a notice of removal, invoking this Court's diversity jurisdiction (Dkt. No. 1 at 1). Riggans is a citizen of West Virginia. Id. at 2. Chase is a national banking association

with its principal place of business in Ohio.  _Id._  Chase claims, "[u]pon information and belief," that the amount in controversy exceeds $75,000.00.  _Id._

Riggans had obtained a mortgage on his property with a predecessor of Chase on August 20, 2004, following which he leased his mineral rights to Chesapeake Appalachia, LLC ("Chesapeake") on December 5, 2011 (Dkt. No. 1-1 at 4).  Chesapeake issued royalty checks addressed both to Riggans and Chase due to the latter's lien on Riggans' property.  _Id._  Chase refused either to endorse the checks or accept the checks endorsed by Riggans as payment on the mortgage.  As a consequence, Riggans has been unable to benefit from the royalty checks.  _Id._ at 4-5.  Riggans' complaint alleges that Chase breached the terms of the deed of trust by failing to endorse or accept royalty checks issued by Chesapeake.  _Id._ at 4. He also alleges three separate counts under the WVCCPA.  _Id._ at 6-9.

On August 10, 2015, Riggans filed a motion to remand, arguing that, in removing the case, Chase had failed to satisfy its burden of proving that the amount in controversy exceeds $75,000 (Dkt. No. 6 at 1).  Chase opposes Riggans' motion, arguing that Counts II, III, and IV of the complaint, standing alone, exceed the jurisdictional minimum (Dkt. No. 7 at 6-7).  On September 1, 2015,

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 6]

Riggans filed a reply, contending that Chase improperly calculated statutory damages under the WVCCPA (Dkt. No. 8 at 2). According to Riggans, a single act in violation of the WVCCPA supports a single penalty, regardless of whether the single act violates multiple provisions of the WVCCPA. Because Riggans only alleged seven single acts, his statutory penalties are capped at $32,900. Id. The matter is now fully briefed and ripe for disposition.

## APPLICABLE LAW

When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." Id. at 377.

Federal courts have original jurisdiction primarily over two types of cases. They include those involving federal questions under 28 U.S.C. § 1331, and those involving diversity of citizenship under 28 U.S.C. § 1332. When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing that "the amount in controversy exceeds the sum or value of $75,000, exclusive of

interests and costs, and is between citizens of different states."
28 U.S.C. § 1332.

Generally, § 1332 requires complete diversity among parties,
which means that the citizenship of all defendants must be
different from the citizenship of all plaintiffs. See Caterpillar,
Inc. v. Lewis, 519 U.S. 61, 68 (1996). "[A] defendant seeking to
remove a case to a federal court must file in the federal forum a
notice of removal 'containing a short and plain statement of the
grounds for removal.'" Dart Cherokee Basin Operating Co., LLC v.
Owens, 135 S.Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)). If
the plaintiff contests the defendant's allegations, the defendant
must prove, by a preponderance of the evidence, that the amount in
controversy exceeds $75,000 and the parties are diverse. Id.

## ANALYSIS

Riggans argues that the Court should remand this case because
the amount in controversy does not exceed $75,000 (Dkt. No. 6 at
1). He contends that, because seven royalty checks were involved,
"Chase cannot be liable for any more than seven civil penalties,"
which only amount to $32,900 (Dkt. No. 8 at 2). Riggans further
argues that, even if the Court accepts Chase's "creative"
calculation that it "repeatedly threatened foreclosure" in
violation of the WVCCPA, the complaint would allege, at most, 10

4

statutory violations, still far below the $75,000 statutory threshold. Id. at 3. Finally, Riggans contends that "allegations of general, unliquidated damages are too speculative to constitute 'proof' of the claim's value," pointing the Court to Jefferson v. Quicken Loans, Inc., No. 5:13CV59, 2013 WL 3812099, at *2-3 (N.D.W. Va. July 19, 2013) (Stamp, J.).

In Jefferson, Judge Stamp remanded the plaintiffs' WVCCPA case, finding that, although statutory damages amounted to nearly $55,000, the remaining damages were too speculative. Id. at *1-3. The defendants claimed that attorneys' fees, to which they were entitled by statute, sufficed to prove the amount in controversy by a preponderance of the evidence. Id. at *1. The Court found that an attorneys' fee valuation of $25,000 was "too speculative," noting that the award of attorneys' fees are left to the discretion of the court, that the factors used to calculate such fees are "difficult to assess in advance of a trial," and that the defendant bears the burden of demonstrating jurisdiction. Id. at *2-3. "Where the complaint does not specifically set forth the amount of damages sought, as is the case here, the defendants must present actual evidence that the amount in controversy is exceeded; simple conjecture will not suffice." Id. at *3. The Court therefore found that "[b]ecause the potential attorney fees must amount to at

least $20,000.00 to justify diversity jurisdiction, and the fees in this case are so unpredictable, . . . the defendant has not met its burden of proving diversity jurisdiction" and remanded the case. Id.

In Count I of his complaint, Riggans alleges that Chase breached its contract and acted in bad faith by refusing to accept his royalty checks as payment on the mortgage loan (Dkt. No. 1-1 at 6). In Count II, Riggans claims statutory violations of the WVCCPA based on Chase's failure to apply the seven royalty checks to Riggans' mortgage account. Id. at 7. In Count III, Riggans alleges that Chase violated the WVCCPA by engaging in unfair debt collection practices, including mishandling the royalty checks, contacting him directly after he had notified Chase that he had retained legal counsel, and threatening foreclosure. Id. at 8. In Count IV, Riggans claims that Chase violated the WVCCPA by engaging in unlawful acts or practices, including refusing to accept and apply the royalty checks, resulting in actual damages of $4,367.17. Id. at 9; Dkt. No. 7 at 7.

Riggans does not contest that the maximum amount of the civil penalty, adjusted for inflation, would be approximately $4,700 per WVCCPA violation (Dkt. No. 7 at 6; Dkt. No. 8 at 2-3). For the purposes of this motion, he likewise does not contest that his

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 6]

complaint alleged three distinct violations on the part of Chase for "repeatedly" threatening foreclosure, bringing the total number of potential WVCCPA violations to ten (Dkt. No. 8 at 3).

It is well-established that "each act of a debt collector which violates the WVCCPA creates a single cause of action to recover a single penalty." In re Machnic, 271 B.R. 789, 794 (S.D.W. Va. 2002) (citing Sturm v. Providian Nat'l Bank, 242 B.R. 599 (S.D.W. Va. 1999)). Riggans is prohibited from recovering twice for each WVCCPA violation. See Machnic, 271 B.R. at 794. The total amount of his recovery for Counts II, III, and IV therefore is $47,000.

| | |
|---|---|
| Seven royalty checks at $4,700 each: | $32,900 |
| Three foreclosure threats at $4,700 each: | $14,100 |
| **Total WVCCPA damages:** | **$47,000** |

Chase contends that, with respect to Riggans' breach of contract claim, his actual damages "appear to be at least $4,367.17," the amount of the royalty checks (Dkt. No. 7 at 8). It argues that the Court should also consider "emotional distress stemming from the alleged wrongful refusal to accept multiple mortgage payments," citing Weddington v. Ford Motor Credit, 59 F. Supp. 2d 578, 584 (S.D.W. Va. 1999)(Hallanan, J.), for support. Id. In Weddington, after considering damages for "mental anxiety, suffering, annoyance, aggravation, inconvenience, and humiliation,"

the district court concluded that such claims, standing alone, were sufficient to satisfy the jurisdictional requirement after the plaintiff's credit report was mistakenly tarnished. <u>Id.</u> In doing so, it noted that "[i]n this day and age credit has become the backbone of American Society," and that without good credit, "an individual is often foreclosed from making large purchases unless accompanied with a large sum of cash." <u>Id.</u>

After a careful review, the Court finds the situation in <u>Weddington</u> is inapposite to the case at bar. The plaintiffs there filed suit after the defendant allegedly forged their signatures on a retail installment contract for the purchase of a 1995 Chrysler Sebring. <u>Id.</u> at 580. According to the plaintiffs, the forged contract provided for a balance of approximately $10,000 more than the amount they previously had agreed to pay. <u>Id.</u> The plaintiffs returned the vehicle to the defendants, stating that they refused to pay under the terms of the forged contract. <u>Id.</u> The defendant then reported the car as "repossessed" on the plaintiffs' credit reports, causing that information to be published with the National Credit Networks, local credit bureau affiliates, and other entities. <u>Id.</u> The defendant, who subsequently recognized that the contract was forged, assured the plaintiffs that it would correct the situation, but failed to do so. <u>Id.</u> Given these facts, it is

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 6]

understandable that the court would find that the plaintiffs' damages for emotional distress could exceed the jurisdictional limit. Similar facts, however, are not present in this case. Chase has shown only that $4,367.17, the amount of the royalty checks, is recoverable under Count I, bringing the total amount of damages to $51,367.17.

| | |
|---|---|
| WVCCPA Damages: | $47,000.00 |
| Breach of contract: | $4,367.17 |
| **Total:** | **$51,367.17** |

Even after considering such reasonable attorneys' fees as Riggans could collect, the Court must conclude that Chase has failed to meet its burden of establishing, by a preponderance of the evidence, that those attorneys' fees would exceed $23,633.83, the amount needed to meet the jurisdictional requirement of $75,001.00. See <u>Dart Cherokee</u>, 135 S.Ct. at 553. Like the situation in <u>Jefferson</u>, 2013 WL 3812099, at *2-3, Chase has failed to bear its burden of demonstrating that the amount in controversy exceeds the jurisdictional minimum. The Court therefore **GRANTS** Riggans' motion to remand (Dkt. No. 6) and **REMANDS** the case to the Circuit Court of Ohio County, West Virginia.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 6]**

to counsel of record and to the Clerk of the Circuit Court of Ohio County, West Virginia. It further **DIRECTS** the Clerk to enter a separate judgment order and to remove this case from the active docket of the Court.

DATED: September 9, 2015.

/s/ Irene M. Keeley

IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE